UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
MIGUEL LUGO, individually and on behalf of all                      :   19-cv-01435 (ARR) (CLP)
others similarly situated,                                          :
                                                                    :   NOT FOR ELECTRONIC
                            Plaintiff,                              :   OR PRINT
                                                                    :   PUBLICATION
        -against-                                                   :
                                                                    :   OPINION & ORDER
FORSTER & GARBUS, LLP                                               :
                                                                    :
                            Defendant.                              :
------------------------------------------------------------------- X

ROSS, United States District Judge:

Plaintiff, Miguel Lugo, alleges that a collection letter sent to him by defendant, Forster & Garbus, LLP, ("F&G") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by failing to identify the current owner of his debt. Compl. ¶¶ 1, 16-46, ECF No. 1. On cross-motions for judgment on the pleadings, I grant judgment for the defendant because the letter adequately identifies the current owner of plaintiff's debt.

## BACKGROUND

On March 29, 2018, Forster & Garbus LLP sent a letter to Lugo seeking to collect a balance of $7,645.95. *See* Compl. Ex. 1, ECF No. 1-1 ("Collection Letter"). The upper right corner of the letter reads, "Forster & Garbus, LLP, A New York Law Firm" and lists the names of attorneys associated with F&G. *Id.* Below that, the letter provides the $7,645.95 balance due, a reference number, and the last four digits of a bank account number. *Id.* It then states, "Re: Barclays Bank Delaware." *Id.* The main text of the letter

reads, in relevant part, "Please contact our office upon receipt of this letter with regard to the above matter . . . Please note that we are required, under federal law, to advise you that we are debt collectors[.]" *Id.* A detachable section at the bottom of the letter states, "Make check payable to: Foster & Garbus LLP as attorneys" and again states "Re: Barclays Bank Delaware." *Id.*

## DISCUSSION

### A. The FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To ensure that the statute protects the most vulnerable debtors, courts are to view debt collection communications "from the perspective of the 'least sophisticated consumer.'" *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318–19 (2d Cir. 1993)). The "least sophisticated consumer" ("LSC") standard of review examines "how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996). However, "in crafting a norm that protects the naïve and the credulous the courts have carefully preserved the concept of reasonableness." *Clomon*, 988 F.2d at 1319; *see also Rosa v. Gaynor*, 784 F. Supp. 1, 3 (D.Conn.1989) ("The FDCPA does not extend to every bizarre

2

or idiosyncratic interpretation by a debtor of a creditor's notice . . . [but] does reach the reasonable interpretation of a notice by even the least sophisticated [consumer]."). The least sophisticated consumer "is neither irrational nor a dolt." *Ellis v. Solomon and Soloman, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (citing *Russell*, 74 F.3d at 34). "'[B]ecause the least sophisticated consumer standard is objective, the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law.'" *Quinteros v. MBI Assocs., Inc.*, 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014) (quoting *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 707 (S.D.N.Y. 2013)).

### B. Creditor Identification

Section 1692g(a)(2) of the FDCPA requires debt collectors to inform consumers of "the name of the creditor to whom the debt is owed" "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt." 15 U.S.C. § 1692g(a). The complaint contains no allegations regarding whether this initial notice was provided. Rather, plaintiff's lone cause of action arises under Section 1692e(10), "a catch-all provision that bars '[t]he use of any false representation or deceptive means to collect or attempt to collect any debt. . . .'" *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 194 (2d Cir. 2015) (quoting 15 U.S.C. § 1692e(10)). Plaintiff argues that the Collection Letter would leave the LSC "confused as to whether Barclays Bank Delaware or Defendant (or any other entity) is the creditor to whom the alleged debt is now purportedly owed." Pl.'s Br. 1, ECF No. 21-3.

Defendant argues, first, that "there is nothing in Section 1692e which mandates

that a debt collector set forth the name of the creditor in all letters sent by the debt collector after the initial letter." Def.'s Br. 8, ECF No. 21-1. Second, defendant argues that the Collection Letter clearly identifies the creditor as Barclays Bank Delaware. *Id.* at 8–15.

It is unclear whether a failure to identify the current creditor in a communication subsequent to the initial disclosure required by Section 1692g(a) is actionable under the catchall provision of Section 1692e(10). At least one court has held that it is not. *See Hammett v. Allianceone Recievables Mgmt.*, No. 11-3172, 2011 WL 3819848, at *5 (E.D. Pa. Aug. 30, 2011) ("Section 1692e—including subparagraph 10—does not impose any obligation to disclose the creditor's name."). Because I conclude that the standard under Section 1692g(a)(2) was met, I assume without deciding that plaintiff has a viable claim under Section 1692e(10).

Under Section 1692g, "[t]he court's role is to assess whether the 'least sophisticated consumer' who read the entire letter would have been aware that the name of the creditor appeared in the letter . . . ." *Dewees v. Legal Serv., LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007) (citing *McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002) for the proposition that "for purposes of ruling on a FDCPA claim, debt collection letters should be analyzed as a whole[.]") (other citations omitted).

Plaintiff is correct that some "[c]ourts within this District . . . have held that a singular and unadorned reference to an entity other than the debt collector with nothing more than a 're:' in the header of a letter does not meet the FDCPA . . . ." Pl.'s Br. at 11–12 (*citing Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-cv-3549 (ADS) (AKT), 2016 WL

4148330, at *7 (E.D.N.Y. Aug. 4, 2016), *motion for relief from judgment denied*, No. 15-cv-3549 (ADS) (AKT), 2017 WL 59085 (E.D.N.Y. Jan. 4, 2017), *and summary judgment granted* No. 15-cv-3549 (ADS) (AKT), 2018 WL 3751920 (E.D.N.Y. July 27, 2018); *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15-cv-4356 (SJF) (ARL), 2016 WL 6069180, at *4, 6-7 (E.D.N.Y. Oct. 17, 2016) *summary judgment granted* 2018 WL 5622494 (E.D.N.Y. Jan. 2, 2018); *Lee v. Forster & Garbus, LLP*, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013)); *White v. Prof'l Claims Bureau, Inc.*, 284 F. Supp. 3d 351 (E.D.N.Y. 2018); *Guarsci v. MRS BPO, LLC*, No. 17-cv-03679 (SJF) (ARL) (E.D.N.Y. Oct. 24, 2017).[1]

But, faced with similar letters, other Courts have come to the opposite conclusion. *See* Transcript in *Brill v. Forster & Garbus*, No. 19-cv-03637-MKB-SMG (Sept. 10, 2019); *Stehly v. Client Servs., Inc.*, No. 18-cv-05103 (DRH) (ARL), 2019 WL 2646664, at *4 (E.D.N.Y. June 27, 2019); *Ocampo v. Client Servs., Inc.*, No. 18-CV-4326 (BMC), 2019 WL 2881422, at *2 (E.D.N.Y. July 3, 2019); *Eger v. Sw. Credit Sys., L.P.*, No. 17-cv-0819S (JF) (AYS), 2019 WL 1574802, at *5 (E.D.N.Y. Apr. 11, 2019); *Smith v. Smith Carroad Levy & Wan*, P.C., 17-cv-4225 (RJD)(RLM) (E.D.N.Y. Mar. 29, 2019); *Schlesinger v. Jzanus Ltd.*, No. 17-CV-3648 (BMC), 2018 WL 2376302, at *3 (E.D.N.Y. May 24, 2018). These cases conclude that "unadorned" references to the creditor can, in some contexts, be sufficient identification. These cases are persuasive, and contradict

---

[1] To the extent any of the decisions are inconsistent with my decision herein, I respectfully disagree. But these cases often involve idiosyncratic details that distinguish them from the case before me. For example, in *Lee*, the debt had been sold to a new creditor, and this was explained to the consumer by using an "unusual abbreviation." 926 F. Supp. 2d at 487.

5

plaintiff's proposed rule that a collection letter identifying the creditor by stating "Re: 'Creditor Name'" is never sufficient.

The instant Collection Letter refers to the creditor twice, by stating "Re: Barclays Bank Delaware." The rest of the letter provides context for the consumer to understand that Barclays Bank Delaware is the creditor, and therefore, the communication sufficiently identifies the creditor and is not confusing.

The subject line of the Collection Letter identifies both the creditor, Barclays Bank Delaware, and plaintiff's account number with that institution. This "strongly suggests" that Barclays Bank Delaware is the current creditor. *See Talyor v. MRS BPO, LLC*, No. 217-cv-01733 (ARR) (RER), 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017) (quoting *Santibanez v. Nat. Credit Sys., Inc.*, No. 16-cv-00081-AA, 2017 WL 126111, at *3 (D. Or. Jan. 12, 2017)); *see also Finley v. Allied Interstate, LLC*, No. 8:18-cv-120-T-35 (AEP), 2018 WL 2717234, at *4–*5 (M.D. Fla.).The bank account number serves as "a unique identifier" which clarifies the source of the consumer's debt. *See Eger v. Sw. Credit Sys., L.P.*, No. 17-cv-0819S (JF) (AYS), 2019 WL 1574802, at *5 (E.D.N.Y. Apr. 11, 2019); *see also Ocampo v. Client Servs., Inc.*, 2019 WL 2881422, at *2 ("The letter here not only provides the name of the creditor but also, right below the line providing the name, provides the account number and the balance due for the account.").

Plaintiff responds that while the Collection Letter does identify Barclay Bank Delaware as the *source* of his debt, it does not identify the current *owner* of the debt. *See* Pl.'s Br. 11. But the LSC would understand that Barclays Bank Delaware is both the source and the current owner of the debt. The only other entity mentioned in the letter is

6

F&G, which is clearly defined as debt collector and "as attorneys." *See Romano v. Schachter Portnoy, L.L.C.*, No. 17-cv-1014 (ARR) (CLP), 2017 WL 2804930, at *3 (E.D.N.Y. June 28, 2017). There is no indication in the letter that the debt has been sold, transferred, or assigned to another, unnamed entity. *Cf. Dewees v. Legal Servs.*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007) (denying motion to dismiss where collection letter "clearly indicate[d] that, at some point, [the original creditor] 'sold' the debt" but did not state to whom the debt was sold). Plaintiff's view that the debt may have been sold to another party not mentioned in the collection letter is an idiosyncratic interpretation that goes beyond the text of the letter. An LSC is not likely to make such a leap.

As in *Taylor*, the context of this letter "implicitly mak[es] clear" that Barclays Bank Delaware is the current creditor. *See Taylor*, 2017 WL 2861785, at *3 (quoting *Datiz*, 2016 WL 4148330 at *11); *see also Stehly*, 2019 WL 2646664, at *2 ("[T]here is precedent in this district for finding that a collection letter can meet the requirements of FDCPA § 1692g(a) implicitly."); *Romano v. Schachter Portnoy, L.L.C.*, 2017 WL 2804930, at *3 (E.D.N.Y. June 28, 2018). ("[T]he FDCPA does not require debt collectors to use 'magic words' to avoid liability."). There is no reasonable but inaccurate reading of the letter that an LSC would be susceptible to. *See Ocampo v. Client Servs., Inc.*, 2019 WL 2881422, at *3 ("What possible interpretation of the name, account number, and amount due could plaintiff have besides that which was clearly intended?"). F&G is clearly identified as the debt collector, not the creditor, and no other party is mentioned.

Because Barclays Bank Delaware is identified as the creditor, there is no FDCPA

7

violation here.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings is granted. The Clerk of Court is directed to enter judgment in favor of defendant and close the case.

SO ORDERED.

    _____/s/_____
    Allyne R. Ross
    United States District Judge

Dated:    October 21, 2019
    Brooklyn, New York